**Julio E. ROSADO–LEBRON, Plaintiffs,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**CIVIL NO. 98–2173 (JAG).**

United States District Court, D. Puerto Rico.

March 22, 2002.

Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc., San Juan, PR, for plaintiff.

Camille L. Velez–Rive, U.S. Attorney's Office, San Juan, PR, Lilliam E. Mendoza-Toro, Lopez Toro, Law and Notary Offices, Hato Rey, PR, for defendant.

### OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Julio Rosado ("Rosado") brought suit under Section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C.A. §§ 405(g), seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. On October 1, 1999, Magistrate Judge Justo Arenas issued a Report and Recommendation

(Docket No. 13) recommending that the Commissioner's final decision be affirmed and this action be dismissed. Upon review of Rosado's objections, the Court finds that the Magistrate Judge's Report and Recommendation should be upheld. Accordingly, the Court adopts the Report and Recommendation, and dismisses Rosado's Complaint.

### FACTUAL BACKGROUND

On June 17, 1996, the Administrative Law Judge ("ALJ") rendered a final decision denying Rosado's application for a period of disability and Social Security disability insurance benefits. On September 14, 1998 the Appeals Council denied a request for review of the ALJ's decision. On October 19, 1998, Rosado filed a petition seeking judicial review of the Commissioner's final decision. (Docket No. 1.)

On October 1, 1999, Magistrate Judge Arenas issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision and dismiss the action. The Magistrate Judge considered Rosado's allegation that the ALJ "failed to adequately consider [Rosado's] mental impairment" in disregarding the medical findings of Rosado's psychiatrist, Dr. Vázquez Sotomayor. (Plaintiff's Memorandum of Law at 6).

The Magistrate Judge, however, found Rosado's arguments wanting. He first clarified that the main issue raised in Rosado's petition is whether the ALJ's decision that Rosado "is not under a disability is supported by substantial evidence in the record when looking at such record as a whole." Report and Recommendation at 1. The Magistrate Judge then noted that there was a disagreement between Dr. Vázquez Sotomayor's prognosis of Rosado's mental condition and the progress notes compiled by the physicians at the State Insurance Fund. *Id* at 7–9. According to Fund's medical records, Rosado

"never presented symptoms of mental disability such as the hallucinations, impaired judgment, and depression listed by Dr. Vázquez Sotomayor." *Id.* The Magistrate Judge further noted that Dr. Vázquez Sotomayor "failed to comply with a subpoena to produce his progress notes for [Rosado]." *Id.* The Magistrate Judge held that the opinions of treating physicians were not entitled to greater weight merely because they were treating physicians, and, therefore, the ALJ was not required to give the opinions controlling weight. *Id; see also Arroyo v. Secretary of Health and Human Services,* 932 F.2d 82, 89 (1st Cir. 1991); *Rivera–Torres v. Secretary of Health and Human Services,* 837 F.2d 4, 6 (1st Cir.1988); *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1 (1st Cir.1987). The Magistrate Judge held that the medical report submitted to the ALJ did not provide enough objective evidence to support a finding that Rosado was disabled during the period being considered *Id.*

The Magistrate Judge concluded that the ALJ's proffered rationale for its decision was comprehensive, and that he could not find that the final decision failed to comply with the requirements of the substantial evidence rule. Accordingly, finding no good cause to remand, the Magistrate Judge recommended that the Court affirm the Commissioner's final decision. *Id* at 6.

Rosado filed his Objections on October 12, 1999. (Docket No. 14.)[1]

## DISCUSSION

The Social Security Act provides that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision...." 42 U.S.C.A. §§ 405(g). Because the Social Security Administration decision from which Rosado seeks relief was a final decision, the Court may properly exercise jurisdiction over this action.

■ "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary...." 42 U.S.C.A. §§ 405(g). The Court's role in reviewing the decisions of the Secretary of Health and Human Services is limited, however, for even though it reviews questions of law *de novo,* it evaluates questions of fact under a substantial evidence standard. *See Ortiz v. Secretary of HHS,* 955 F.2d 765, 769 (1st Cir.1991); *Falu v. Secretary of HHS,* 703 F.2d 24, 28 (1st Cir.1983); *Rodriguez v. Secretary of HHS,* 647 F.2d 218, 222 (1st Cir.1981). Therefore, the Court "must uphold a denial of social security disability benefits unless 'the Secretary has committed a legal or factual error in evaluating a particular claim.'" *Manso–Pizarro v. Secretary of HHS,* 76 F.3d 15, 16 (1st Cir.1996) (*citing Sullivan v. Hudson,* 490 U.S. 877, 885, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)).

The term "substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

---

1. On August 10, 2000, the Honorable Salvador E. Casellas transferred this case to the undersigned's docket (Docket # 17). On January 22, 2001, the Court filed and served on the parties an Order with a Status Questionnaire (Docket # 19). On January 31, 2001, defendant answered the Questionnaire (Docket # 20) and on February 2, 2001, plaintiff filed an Informative Motion in response to the Questionnaire (Docket # 21). Both parties indicated to the Court that the case was ripe for a final decision.

*Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Furthermore, the determination of substantiality must be made upon an evaluation of the record as a whole. *Ortiz,* 955 F.2d at 769. In reviewing the record, the Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. *Colon v. Secretary of HHS,* 877 F.2d 148, 153 (1st Cir.1989). The Court need not perform the initial evaluation of the petition itself; instead, it may refer the matter to a United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b). Here, pursuant to the Court's order, Magistrate Judge Arenas reviewed the record and found that the Secretary's decision denying disability benefits was based on substantial evidence, and therefore recommended that the Court affirm the decision.

"[A] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §§ 636(b)(1)(C). These objections must be filed in a timely manner, according to the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Rule 510.2, Local Rules, District of Puerto Rico.

Rosado's objections to the Magistrate Judge's Report and Recommendation have been presented to the Court "in a slightly revised version of the original Plaintiff's Memorandum of Law." *Lopez v. Chater,* 8 F.Supp.2d 152, 155 (D.P.R.1998)(Domínguez, D.J.). In *Lopez,* the Court specifically admonished plaintiff's counsel that the memorandum "barely complie[d] with

the rule's requirements to the objectionable parts of the magistrate judge's report." *Id.* The Court advised plaintiff "that future objections must comply with all requirements set forth in the local rules, including specificity." *Id.* (emphasis supplied).

█ Not only do the objections here fail to comply with Local Rule 510.2 for lack of specificity, but they also do not reflect an understanding that a plaintiff may not simply restate the arguments that the Magistrate Judge considered and expect the Court to treat the filing seriously.

The Court's review leads it to concur with Magistrate Judge Arenas's conclusion that the Secretary's denial of disability benefits should be upheld. The Court holds that the record as a whole presents substantial evidence to support the conclusion that plaintiff's medical problems are insufficient to constitute a "disability" under the Act. Accordingly, the Court adopts the Report and Recommendation, and dismisses the Complaint.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Justo Arenas's Report and Recommendation. Judgment shall enter dismissing the Complaint with prejudice.

IT IS SO ORDERED.