**CORTES–RIVERA, Plaintiff,**

v.

**DEPARTMENT OF CORRECTION AND REHABILITATION OF the Commonwealth of PUERTO RICO, et al., Defendants.**

**Civil No. 07–2098 (FAB).**

United States District Court, D. Puerto Rico.

April 28, 2009.

Wilma E. Reveron–Collazo, Estudio Legal Wilma E. Reveron Collazo, Nora Vargas–Acosta, San Juan, PR, for Plaintiff.

Monica A. Sanchez–Rivera, Departamento de Justicia, Wandymar Burgos–Vargas, P.R. Department of Justice—Federal Litigation, Carmen Lucia Rodriguez–Velez, Nestor J. Navas–D'Acosta, Navas & Rodriguez PSC, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

### PROCEDURAL HISTORY

On December 20, 2006 Plaintiff Enrique Cortes–Rivera ("Dr.Cortes") brought a charge to the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation related to disabilities resulting from his neurological condition. The EEOC issued Dr. Cortes a "Notice of Right to Sue" on August 20, 2007, which Dr. Cortes received on August 22, 2007. (Docket No. 1, ¶ 5)

The plaintiff then filed this action against: (1) the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico ("DOCR"); (2) Miguel Pereira–Castillo ("Mr.Pereira") in his personal capacity and in his official capacity as Secretary of the Department of Corrections and Rehabilitation; and (3) Correctional Health Services Corporation ("CHSC"). Dr. Cortes alleges claims pursuant to Title I of the ADA, 42 U.S.C. §§ 12101–12117; (2) Section 504 of the Rehabilitation Act,

29 U.S.C. § 794; (3) Law Number 44 of July 2, 1985, as amended, P.R. Laws Ann., tit. 1, §§ 501–511 ("Law 44"); (4) Law Number 115 of December 20, 1991, as amended, P.R. Laws Ann., tit. 29, §§ 194–194(b)("Law 115"); (5) Law Number 426 of November 7, 2000, as amended, P.R. Laws Ann., tit.1, § 601 ("Law 426"); (6) Article 1208 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, §§ 3373; and (7) tort claims under Articles 1802 and 1803 if the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, §§ 5141, 5142. (Docket No. 1)

On January 18, 2008 DOCR moved, pursuant to Rule 12(b)(6), to dismiss the complaint partially for failure to state a claim. (Docket No. 7) That same day, the Court granted the CHSC's motion to join DOCR in its motion to dismiss the complaint partially. (Docket Nos. 8 and 10) On November 10, 2008, United States Magistrate Judge Marcos E. Lopez issued a report and recommendation (Docket No. 33), recommending that: (1) the motion to dismiss be granted as to all claims pursuant to Title I of the ADA or state law against DOCR and Mr. Pereira in his official capacity; (2) the Rehabilitation Act claims against DOCR and Mr. Pereira in his official capacity should stand; and (3) the motion should be dismissed as to all claims against CHSC. *Id.* at 18–19. This Court adopted the report and recommendation (Docket No. 60) on January 30, 2009.

On January 16, 2009 CHSC filed a motion for summary judgment arguing for the dismissal of claims under the ADA and state law because: (1) Dr. Cortes cannot establish an ADA claim against CHSC because he is not a CHSC employee; (2) plaintiff's Rehabilitation Act claim should fail because CHSC is not a recipient of federal funding; and (3) plaintiff cannot sustain state law claims or, in the alternative, the Court should decline to exercise supplemental jurisdiction. (Docket No.

43–3 at 2, 20–21, and 24) Also on January 16, 2009, DOCR and Mr. Pereira–Castillo filed a separate motion for summary judgment reiterating the arguments that (1) Dr. Cortes is not an employee of DOCR pursuant to Title I of the ADA; (2) DOCR is entitled to Eleventh Amendment immunity with regard to the federal claims; (3) Eleventh Amendment immunity bars Dr. Cortes from seeking monetary damages under Articles 1802 and 1803 of the Puerto Rico Civil Code, Law 44 and Law 115; and (4) the court lacks supplemental jurisdiction over the pendant state law claims.

Magistrate Judge Marcos E. Lopez issued a report and recommendation on February 6, 2009 regarding CHSC's motion for summary judgment (Docket No. 43) in which he deemed the summary judgment motion unopposed because the plaintiff failed to comply with the filing deadline for opposition. (Docket No. 64) In the report and recommendation, the magistrate judge determined that summary judgment ought to be granted as to all claims against CHSC because the plaintiff was not an employee of CHSC as required for an employment discrimination suit under Title I of the ADA or Section 504 of the Rehabilitation Act. *Id.* at 11–16. Plaintiff objected to the report and recommendation on February 20, 2009 (Docket No. 85) and CHSC responded in opposition on March 6, 2009, to plaintiff's objection. (Docket No. 97)

On February 9, 2009, Dr. Cortes filed a joint opposition to both CHSC's and DOCR's motions for summary judgement, despite the magistrate judge's earlier determination that the CHSC opposition was untimely. This Court struck the joint opposition from the record and granted Dr. Cortes until February 17, 2009 to file an opposition pertaining only to DOCR's motion for summary judgment. (Docket No. 71 at 2) On February 17, 2009, Dr. Cortes filed his opposition to DOCR's summary judgment motion, arguing that: (1) the Eleventh Amendment does not bar a cause of action under Title I of the ADA for injunctive relief; (2) DOCR waived Eleventh Amendment immunity with regard to section 504 of the Rehabilitation Act by accepting federal funding; (3) even in the absence of an employer-employee relationship, Dr. Cortes may seek relief under section 504 of the Rehabilitation Act and Title II of the ADA; (4) Dr. Cortes has established retaliation and failure to provide reasonable accommodation claims under section 504 of the Rehabilitation Act and Title II of the ADA. (Docket No. 75)

On March 5, 2009, Magistrate Judge Lopez issued a report and recommendation regarding DOCR's motion for summary judgment. (Docket No. 46) The magistrate judge recommended that all claims against DOCR be dismissed and that summary judgment be entered accordingly. Dr. Cortes objected to the report and recommendation on March 18, 2009 (Docket No. 101) and DOCR and Mr. Pereira responded to plaintiff's objections on March 27, 2009. (Docket No. 104)

Now pending before this Court are two reports and recommendations issued by Magistrate Judge Marcos E. Lopez regarding two separate motions for summary judgment. For the following reasons, the Court adopts both reports and recommendations in full.

## FACTUAL BACKGROUND

Inasmuch as plaintiff has not made specific objections to the magistrate judge's recitation of the factual background, the court hereby adopts them and incorporates *verbatim* those facts as stated by the magistrate judge for the sake of clarity in this opinion:

> Cortes–Rivera and DOCR entered into an ambulatory services contract entitled

"Professional and Consulting Services Contract" and numbered 2007–000327 ("First Ambulatory Services Contract") on July 1, 2006. (Docket 63–2 at 1, 24.) The First Ambulatory Services Contract provides: (1) a detailed list of the services to be rendered by Cortes–Rivera; (2) that Cortes–Rivera would provide those services at the Guayama Correctional Complex at an assigned "Services Area" during the time schedule in which that particular "Services Area" operates; (3) that Cortes–Rivera would be compensated for his services at an hourly rate up to a maximum amount; (4) that an employment relationship has not been established between the two parties and Cortes–Rivera is an independent contractor; (5) that Cortes–Rivera would not receive vacation, sick leave, or bonuses; (6) that DOCR would not make any withholdings from Cortes–Rivera's compensation for Social Security or taxes;(7) that Cortes–Rivera was responsible for obtaining his own malpractice insurance; (8) that both parties could cancel the contract by giving the other party thirty days written notice; and (9) that otherwise the contract would expire on June 30, 2007, but could be renewed by agreement of both Cortes–Rivera and DOCR. Id. at 2–10. With the exception of his stethoscope, Cortes–Rivera was provided with the instruments necessary to perform his work. (Docket 63–10)

CHSC is a not-for-profit corporation created under the laws of the Commonwealth of Puerto Rico. (Docket 45–3 at 3.) On August 22, 2005, CHSC and DOCR entered into an agreement entitled "Comprehensive Management Agreement for the Provision of Health Care Services to the Correctional Population under the Custody of the Administration of Corrections" ("Comprehensive Management Agreement"). Id. The ini-

tial term of the agreement was to be for a period of less than three years starting on September 1, 2005 and ending on August 30, 2008. Id. at 63. In the Comprehensive Management Agreement, CHSC agreed to manage DOCR's "Correctional Health Program," which is defined as "[a] subdivision of [DOCR] in charge of providing medical and mental health care of the correctional population in the custody of [DOCR]." The Comprehensive Management Agreement provides that "[n]otwithstanding the fact that the employees will work at [DOCR's] medical facilities under the supervision and/or direction of CHSC, the Government Employees and Contractors will continue to be considered employees or contractors of [DOCR] until such time the employer-employee or contractual relationship is terminated or modified for whatever reason." Id. at 32. The Comprehensive Management Agreement further provides that "CHSC will exercise full supervisory authority over the Government Employees and Contractors, either directly or through the Nominating Authority, as mandated by Law, including supervising, overseeing, directing and managing all Government Employees and Contractors and recommending hiring, terminating, promoting, demoting, disciplining and/or transferring said Employees." Id. at 33.

On November 15, 2006, Pereira–Castillo, as Secretary of DOCR, sent written notification to Cortes–Rivera that DOCR was cancelling the First Ambulatory Services Contract pursuant to the terms of that contract and a recommendation from CHSC. (Docket 63–9 at 1; Docket 45–24 at 11–13.) After the cancellation of the First Ambulatory Services Contract, Cortes–Rivera continued rendering services for DOCR under a contract for emergency services and executed another contract to perform advi-

sory functions for the Medical Compliance Office of the DOCR. (Docket 63–11; Docket 63–18 at 1–3.)

Docket No. 95 at 4–6.

## STANDARD OF REVIEW FOR A REPORT AND RECOMMENDATION

 A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P. 72(b); L.CIV.R. 72(a). Any party may file written objections to the report and recommendation within ten days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). The party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Felix Rivera de Leon v. Maxon Engineering Services, Inc.*, 283 F.Supp.2d 550, 555 (D.P.R.2003); *see also, Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (*citing United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule waives each party's right to review in the district court. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). In conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

### I. The February 6, 2009 Report and Recommendation Regarding CHSC's Motion for Summary Judgment

In his report and recommendation addressing CHSC's summary judgment motion the magistrate judge determined that no rational factfinder could conclude that the plaintiff was a CHSC employee for the purposes of either the ADA or the Rehabilitation Act claims in this case. As such, the magistrate judge recommended that summary judgment be granted on both the ADA and Rehabilitation Act claims against CHSC. The magistrate judge also concluded that granting summary judgment on both claims would eliminate the basis for the Court's exercise of supplemental jurisdiction over pendant state law claims against CHSC. (Docket No. 64 at 17) In his objection to the report and recommendation, the plaintiff argues that the magistrate judge made six "errors" upon which this Court should reject the magistrate judge's conclusions and deny CHSC's motion for summary judgment.

At the outset, the Court notes that Dr. Cortes has inappropriately used this stage of proceedings to hash out arguments meant more properly for the summary judgment stage. As recalled earlier, the plaintiff failed to file his opposition to CHSC's motion for summary judgment timely. Many of the arguments now brought in the form of "objections" to the magistrate judge's report and recommendation clearly address the substance of the summary judgment.

 Dr. Cortes's attacks on the magistrate judge's analysis and conclusions are simply not tailored to the clear and detailed findings made in the report and recommendation. The objections fail to explain in specific terms why that legal analysis is incorrect, as required by local rules and, often, fail to cite directly any legal authority that would undermine the sound analysis already conducted by the

magistrate judge.[1] *See e.g. Velez–Padro v. Thermo King De Puerto Rico,* 465 F.3d 31, 32 (1st Cir.2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b).") (internal citations omitted).

■ Dr. Cortes is not entitled to bypass the mandate of the applicable federal rules and the local rules, nor can this Court make exceptions and hear generalized arguments simply because the plaintiff did not file a timely opposition to the original motion for summary judgment. To do so would frustrate the purpose of the Federal Magistrate Judge's Act, which is "to relieve courts of unnecessary work." *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). A plaintiff may not simply address the same arguments that the magistrate judge considered and expect the Court to treat the filing seriously. *Rosado–Lebron v. Comm'r of Soc. Sec.,* 193 F.Supp.2d 415, 418 (D.P.R.2002) (internal citations omitted). Instead, a plaintiff ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound.

[5] In addition, new arguments, or newly raised evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the magistrate judge. *See Rosario Rivera v. Puerto Rico Aqueduct & Sewers Auth.,* 331 F.3d 183, 193 (1st Cir.2003). A defendant is barred from bringing such arguments and evidence; a party who "sits in silence, withholds potentially relevant information, allows his opponent to configure the summary judgment record, and acquiesces in a particular

choice of law does so at his peril." *Vasapolli v. Rostoff,* 39 F.3d 27, 36 (1st Cir. 1994).

## A. First Alleged Error

■ The first of Dr. Cortes's objections states that "the magistrate made a determination of fact not supported on the record and contrary to the summary judgment standard on the issue of employer-employee relationship; the magistrate wrongly determined that CHSC does not have sufficient control over the means and manner in which Dr. Cortes provided his services." (*Plaintiff's Objection to Magistrate Judge's Report and Recommendation,* Docket No. 85 at 6) Dr. Cortes agrees with the magistrate judge that the common law agency test is the correct standard to apply when determining whether a plaintiff is an employee or an independent contractor under Title I of the Americans with Disabilities Act. (*See* Docket No. 64 at 10 and Docket No. 85 at 7) As such, Dr. Cortes also agrees with the magistrate judge that "all factors must be considered and weighed, but in many cases, the extent to which the hiring party controls the manner and means by which the worker completes her tasks will be the most important factor in the analysis." (Docket No. 64 at 10) (internal citations and quotations omitted.)

Nevertheless, Dr. Cortes argues that "the magistrate wrongly determined that CHSC does not have sufficient control over the means and manner in which Dr. Cortes provided his services." (Docket No. 85 at 6) Dr. Cortes summarized this objection as follows:

---

1. If objections are timely filed, the district judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Felix Rivera de Leon v. Maxon Engineering Services, Inc.,* 283 F.Supp.2d 550, 555 (D.P.R.2003).

Contrary to the conclusion arrived at by the Magistrate in his Report and Recommendation, the record in facts reflects that: CHSC in his [sic] role as administrator of the Correctional Health Services Program had control over (1) the recommendations in hiring, firing, demoting, transferring and disciplinary actions: (2) had to supervise and administer the day to day operations, actions and assignments of Cortes–Rivera's services; (3) CHSC provided the tools and instrumentalities necessary for Dr. Cortes–Rivera delivery of services; (4) CHSC administered and supervised the assignment of work under the service contract; (5) Dr. Cortes–Rivera compensation was based on an hourly payment; (6) Dr. Cortes–Rivera could not provide his services to other institutions thus exercising a significant control over his ability to obtain other employment opportunities; (7) the location of where the services were to be rendered.

*Id.* at 8.

This laundry list of numbered reasons why the magistrate judge's report and recommendation erred appears in a concluding paragraph at the end of Dr. Cortes's first objection.[2] In support of his concluding list, Dr. Cortes offers only arguments that, together, operate as a whine of protest over the magistrate judge's conclusion that CHSC did not control the manner and means of Dr. Cortes's services. Plaintiff does nothing to show why the magistrate judge's application of common law factors was incorrect, weighed inappropriately, or otherwise faulty. No legal authority is cited, nor any information brought to this Court's attention that was not already clearly addressed by the magistrate judge in his careful analysis; the protest is based only on Dr. Cortes's predictable claim that

the record shows an employer-employee relationship.

■ Dr. Cortes's only argument that is not purely rhetorical is that the payment for his services were "not always processed in the same way", such that, for some time, Dr. Cortes was paid directly by CHSC. (Docket No. 85 at 8) To support this argument, the plaintiff submits two pieces of evidence not already in the record considered by the magistrate judge: (1) his own deposition in which he testified that it is possible he received some paychecks from CHSC and (2) a paystub and a check issued by CHSC to him for a period between 9/01/2005 and 9/30/2005. Plaintiff contends this evidence shows that CHSC had control over the manner and means in which he provided his services. (Docket No. 85 at 8)

Plaintiff's argument and submission of evidence concerns the manner in which he was paid for his services as a doctor. Method of payment, however, is only one of the twelve non-exhaustive factors considered under the common law agency test when determining whether an employer-employee relationship exists under Title I of the ADA, and it is a factor explored in much greater detail by the report and recommendation than by Dr. Cortes in his cursory, legally unsupported objection. The new evidence brought by plaintiff serves as refutation only of what the magistrate judge noted was merely "a preliminary matter"—that CHSC only provides compensatory information to DOCR, while DOCR is responsible for actual payment. The "new" evidence brought by plaintiff fails to address the many other findings made by the magistrate judge regarding

---

**2.** The Court will not address those of the seven listed reasons above that plaintiff never

addressed or mentioned elsewhere in the his objection, other than in the list itself.

the method of Dr. Cortes's payment:[3] (1) that "the method of payment and tax treatment of Cortes–Rivera favors independent contractor status;" (2) that the plaintiff "must obtain his own malpractice insurance;" (3) that the plaintiff "is not entitled to sick leave, vacation time, retirement, or bonuses;" and (4) that neither COCR or CHSC "makes any withholdings for taxes or Social Security" because "Cortes–Rivera is responsible for filing his own tax-related documents and making his own contributions to Social Security." (Docket No. 64 at 12, citing Docket Nos. 43–6 at 36 and 43–7 at 3–4) The fact that the payment method here involved at least two checks directly from CHSC to Dr. Cortes does not address the comprehensive analysis made by the magistrate judge's application of the common law agency test, nor his conclusion that the facts, together, "lean heavily in favor of independent contractor status." (Docket No. 64 at 13)

It also does not escape this Court's attention that the contract[4] under which Dr. Cortes performed specifically characterizes his status as an independent contractor (Docket No. 63, Exhibit 1 at 6) and that, in his complaint, Dr. Cortes states that "In October, a group of contractors of different institutions in Puerto Rico file[d] a labor claim against CHS" and that "Dr. Enrique Cortes–Rivera is one of the plaintiffs." (Docket No. 1, ¶ 12) The fact that Dr.

Cortes described himself as a contractor and the fact that he agreed under contract to be described, for legal purposes, as a contractor, give the Court great pause when reviewing Dr. Cortes's objections to what clearly was a previously acceptable status description.

The remainder of Dr. Cortes's first objection goes over ground already tilled by the magistrate judge. The plaintiff claims that CHSC had significant control over the manner and means in which he rendered his medical services because CHSC exercises full supervisory authority over government employees and contractors (CHSC can supervise, oversee, direct and manage all employees and contractors and recommend hiring, terminating, promoting, etc.) and because CHSC provided Dr. Cortes with nearly all medical equipment and supplies used for providing services. (Docket No. 85 at 7–8)

The magistrate judge already considered the record to which the plaintiff referred, and either implicitly or explicitly addressed both of these arguments. The report and recommendation explicitly recognized that CHSC has supervisory authority over DOHR's government employees and contractors, but found that "this authority was limited in that CHSC only had the power to recommend hiring, firing, or disciplinary action." (Docket No. 64 at

3. In addition to the Court's analysis of Dr. Cortes's deposition and check issued to him by CHSC, CHSC contends that the submitted check is payment for services falling outside of his contract from July 1, 2006 until January 2007 and, thus, that "said check should not be considered by this Court for the purpose suggested by Plaintiff." (Docket No. 97 at 2) CHSC also submitted, for the purpose of opposing Dr. Cortes's argument, copies of all checks made as payment to Dr. Cortes under the Professional Services Contract number 2007–000327. These checks show that all of these checks were paid with checks from the Government Development Bank for Puerto Rico and corresponding to a CHSC account. *Id.* While the Court appreciates this clarification, it does not affect the ultimate outcome of its finding that, even were the check and deposition testimony submitted to show that CHSC at one time directly paid the plaintiff, the balance of factors on the record still shows overwhelmingly that Dr. Cortes was an independent contractor under Title I of the ADA.

4. Number 2007–000327

11) Further, the magistrate judge found that the contract under which Dr. Cortes provided services "also limited CHSC's control over the day-to-day actions and assignments" of Dr. Cortes. *Id.* Dr. Cortes failed to refute these findings in his objection. The magistrate judge also implicitly determined that plaintiff's use of CHSC equipment in the rendering of medical services was not sufficient to outweigh the many factors leaning toward Dr. Cortes's status as a contractor rather than an employee. In his conclusion, the magistrate judge summarized the following as pointing toward Dr. Cortes's independent contractor status, the ultimate legal significance of which the plaintiff fails to dispute directly or specifically in his objection:

> The highly skilled nature of the skills required for the services Cortes–Rivera provided, CHSC's limited right to merely issue recommendations as to disciplinary actions and decisions to hire or fire, the method of payment, tax treatment, CHSC's right to assign additional work as constrained by the terms of the First Ambulatory Services Contract, the set length of the First Ambulatory Services Contract and the existence of another contract to perform additional work …

*Id.*

As stated above, arguments and evidence brought forth now when they ought to have been brought forth at the summary judgment stage should be excluded as reconsideration arguments. Nevertheless, the Court finds that the arguments and evidence, even when reviewed and weighed anew against the applicable legal standards, do not sway the magistrate judge's correct finding that no rational factfinder could conclude that Dr. Cortes was an employee for the purposes of the ADA. (Docket No. 64 at 13) Based on this independent review of the record and applicable law, the Court finds the magis-

trate judge's analysis of Dr. Cortes's relationship with CHSC to be well-reasoned, thorough and correct.

**B. Second Alleged Error**

Plaintiff next alleges that the magistrate judge "erred in concluding that the absence of employer-employee relationship precludes Dr. Cortes's discrimination claims under the Rehabilitation Act." (Docket No. 85 at 9) The plaintiff fails to make specific objections to anything in the report and recommendation, therefore the Court need not go further. Dr. Cortes does, however, allege the same error with more specificity in his objection to the second report and recommendation—regarding DOCR's summary judgment motion. For the sake of completeness, the Court will address the issue of whether employment status under Title I of the ADA affects discrimination claims brought under section 504 of the Rehabilitation Act below, in its review of the second report and recommendation.

**C. Third Alleged Error**

Dr. Cortes's third objection is that "the magistrate judge erred in concluding that the Rehabilitation Act should not apply to CHSC notwithstanding the determination that there is not sufficient evidence in the record to reach a finding as to whether or not CHSC is a recipient of federal funds contrary to the applicable standard of summary judgment." (Docket No. 85 at 11) The Court understands this slightly convoluted sentence as an expression of Dr. Cortes's position that his claim pursuant to the Rehabilitation Act should stand because the magistrate judge could not determine whether CHSC receives federal financial assistance. (Docket No. 64 at 15)

Dr. Cortes's objection misses the point of the magistrate judge's conclusion: Dr. Cortes focuses only on the issue of wheth-

er CHSC received federal funds, and cites case law to prove to this Court that a controversy exists regarding CHSC's receipt of federal funding, such that CHSC could be liable under section 504 of the Rehabilitation Act. The magistrate judge's conclusion, however, regarded another matter entirely.

■ While it is true that the magistrate judge did not make a finding regarding the CHSC's receipt of federal funding, he nevertheless explained such a finding was unnecessary because Dr. Cortes's independent contractor status under Title I of the ADA precludes Dr. Cortes's section 504 Rehabilitation Act claim. *Id.* The magistrate judge found that, although the First Circuit Court of Appeals has not addressed whether Title I ADA employment-employee relationship status applies in section 504 claims, the Eighth Circuit has determined that a plaintiff precluded from bringing a claim under Title I because he or she is an independent contractor and not an employee, is also precluded from bringing a claim pursuant to section 504 of the Rehabilitation Act. Thus, the magistrate judge concluded, "because Cortes–Rivera is essentially arguing his ADA claim under the Rehabilitation Act, the undersigned finds that the standards of Title I of the ADA should apply to Cortes–Rivera's employment discrimination claim under Section 504 of the Rehabilitation Act." *Id.* (Internal citations omitted.)

The plaintiff's objection regarding CHSC's federal funding thus fails to address the most critical component of the magistrate judge's analysis—the component which allowed the magistrate judge to disregard the still-existent controversy about CHSC's receipt of federal funding. Because the plaintiff made no specific objection to the magistrate judge's application of the Eighth Circuit's holding to this case, and because this Court independently concurs with the magistrate judge's application of that holding, the plaintiff's objection on this point fails.

**D. Fourth Alleged Error**

■ In his fourth alleged error, Dr. Cortes argues that the magistrate judge "erred in not considering Dr. Cortes's retaliation claims in dismissing the case against CHSC under the ADA and the Rehabilitation Act." (Docket No. 85 at 12) This objection is moot because Dr. Cortes never raised a federal retaliation claim in his complaint.

The first and second causes of action in Dr. Cortes's complaint raise claims under Title I of the ADA and section 504 of the Rehabilitation Act, respectively, for "discriminatory action." Plaintiff's retaliation claim exclusively arises under the third cause of action as follows:

> The actions and omissions described herein were committed with retaliatory animus, thus in violation to the Puerto Rico Laws 115, and Law 426 of November 2000, and constitute a tort under the Civil Code of Puerto Rico 31 L.P.R.A. section 1802, and the Constitution of the Commonwealth of Puerto Rico.

> Plaintiff was retaliated against, harassed, and discriminated against by defendants because he exercised his right under the American[s] with Disabilities Act and the Rehabilitation Act to file a complaint before the EEOC and for joining a civil action filed before the Puerto Rico Court of First Instance, Bayamon Part.

The Court's reading of the third cause of action is that the plaintiff intends to bring his retaliation claims under Puerto Rico Laws 115 and 426, article 1802 of the Civil Code and the Puerto Rico Constitution because he brought claims related to discrimination pursuant to the ADA and the Rehabilitation Act. The Court does not

read the cause of action as arising under the ADA and Rehabilitation Act, but only for discrimination alleged pursuant to those state statutes. This reading is supported by the record.

The construction of the complaint clearly addresses the ADA claims under the first cause of action; the Rehabilitation Act claims all arise under the second cause of action. The third cause of action states clearly that the retaliatory animus violated Puerto Rico law; it does not state that the alleged retaliation violated the ADA or Rehabilitation Act. Such a reading would requiring inference and deduction required nowhere else in the complaint, which is otherwise quite clear regarding connections between claims and statutes.

Another reason the Court's reading is supported by the record is the fact that neither the defendants nor the magistrate judge addresses the plaintiff's retaliation claim as though it arises pursuant to the ADA and/or the Rehabilitation Act; all address it assuming it arose under Puerto Rico law. In a motion to dismiss the complaint partially (Docket No. 7), submitted on January 1, 2008 by both defendants,[5] retaliation was not mentioned in a thorough discussion regarding both the ADA and Rehabilitation Act claims. Presumably, the defendants believed the retaliation claims fell under pendant state law claims, which they grouped under "Plaintiff's supplemental jurisdiction claim" and asked the court to dismiss due to plaintiff's alleged failure to allege any federal causes of action properly. (Docket No. 7 at 10) It is clear from the organization and content of the motion to dismiss that the defendants believed they had addressed all of the federal claims in their ADA and Rehabilitation Act section and that those claims

were related solely to alleged discriminatory actions as stated in the complaint.

Likewise, both motions for summary judgment treat the retaliation claim as arising under state law. Defendants DOCR and Mr. Pereira simply do not address retaliation as a separate claim of federal action, while CHSC's summary judgment motion addresses Dr. Cortes's retaliation claims under Puerto Rico Law 115: the word "retaliation" first appears in relation to a specific Puerto Rico statute. (Docket No. 43-3 at 22) CHSC's motion for summary judgment further establishes that no retaliation claim was brought under federal statutes by referring to a federal retaliation claim as something that has not yet occurred, stating briefly that "in the event that plaintiff alleges any claim and/or requests any remedy for alleged retaliation under a federal statute, the same must be dismissed for failure to exhaust administrative remedies." (Docket No. 43-3 at 24) CHSC's "in the event" language demonstrates its clear belief that no retaliation allegation under federal law has been made, spending one line addressing such a possibility as compared with nearly two pages spent addressing retaliation pursuant to local law. Nowhere else is retaliation mentioned in CHSC's motion for summary judgment save that one line. It is difficult for the Court to imagine that the defendants, who typically intend to convince the Court in motions for summary judgment that all claims against them ought to be dismissed, would have both—individually and on the same day—filed motions utterly failing to address a central claim made by the plaintiff.

It is even more implausible that the magistrate judge would have ignored a central claim made by the plaintiff in two distinct reports and recommendations.

5. The Court granted CHSC's motion for joinder (Docket No. 10), such that both defendants are considered movants of the motion to dismiss partially.

The magistrate judge did not address retaliation in either of his two report and recommendations pertaining to the defendants' motions for summary judgment. The first instance in which any federal retaliation claims arise in the record considered by the magistrate judge is in the plaintiff's opposition to DOCR's motion for summary judgment. (Docket No. 75) In that opposition memorandum, Dr. Cortes specifically argues that he should succeed on a retaliation claim pursuant to the ADA or the Rehabilitation Act. Prior to this opposition, however, retaliation appears only pursuant to Puerto Rico law.[6]

It appears that the magistrate judge viewed the retaliation claims in the same light as did the defendants and this Court—as alleged only under Puerto Rico laws. Thus the magistrate judge's discussion of federal claims properly did not address retaliation because he properly concluded that retaliation was alleged only under state laws in the plaintiff's complaint. After determining that the federal claims were not viable, the magistrate subsequently recommended that all state law claims, which presumably included the retaliation claims arising under Puerto Rico laws, be dismissed due to the failure of the federal claims.

Because this Court itself finds there to be no properly stated federal claim of retaliation in Dr. Cortes's complaint, and because the record convincingly shows that no other party or judge involved in this action perceived there to be a federal claim of retaliation at stake, plaintiff's objection is noted, but, after a careful review of the record, the Court considers it moot.

### E. Fifth Alleged Error

■ Dr. Cortes also alleges that the magistrate judge "erred in recommending the dismissal of plaintiff's supplemental claims." Plaintiff argues that "supplemental jurisdiction is *mandated* when, as in this case," federal and state law questions arise from the same nucleus of facts. (Docket No. 85 at 18) The non-binding district court case, *Martinez–Rosado v. Instituto Medico Del Norte*, 145 F.Supp.2d 164, 168–169 (D.P.R.2001), cited by plaintiff for that preposition, says no such thing. The court in *Martinez–Rosado* stated quite the opposite: in support of holding onto jurisdiction of supplemental claims, the court explained that "a district court *may* exercise supplemental jurisdiction over pendent and ancillary state law claims that are so related to the [federal question claims] . . . that form part of the same case or controversy . . ." *Id.* at 168 (internal quotations and citations omitted) (emphasis added). The word "may" explicitly makes discretionary a decision the plaintiff has told this Court is mandatory.

The Court hopes that plaintiff simply misunderstood *Martinez–Rosado*, rather than intentionally attempting to mislead this Court by citing a case for the wrong preposition. *Martinez–Rosado* correctly stated that a district court's decision to exercise jurisdiction over a case brought in court involving pendent state claims is a discretionary one—and that court simply chose, as allowed by that discretion, to retain jurisdiction over the state claims in that case.

■ The Court also hopes that plaintiff is aware of well-settled law regarding the discretionary nature of a district court's decision regarding supplemental jurisdic-

---

**6.** It is notable, also, that no defendant responded to Dr. Cortes's arguments (made in his objections to the two reports and recommendations pertaining to summary judgment motions) about federal retaliation under the ADA or the Rehabilitation Act. The defendants had the opportunity to do so in their responses to plaintiff's objections, but did not.

tion. In line with that well-settled law, the magistrate judge's report and recommendation correctly explains that the "preferred approach is pragmatic and case-specific" and, in this case, the dismissal of the federal claims under the ADA and Rehabilitation act, including any retaliation claims made pursuant to those statutes, "undermines the basis for the exercise of supplemental jurisdiction over state law claims against CHSC." (Docket No. 64 at 17) Because the plaintiff has raised only incorrect statements of law as a basis upon which to object to the report and recommendation's dismissal of pendent state law claims, this Court need go no further. The Court denies the exercise of supplemental jurisdiction and all pendent state claims are hereby dismissed.

## F. Sixth Alleged Error

■ Dr. Cortes's final objection—that the magistrate judge erred in considering Dr. Cortes's opposition to CHSC's motion for summary judgment untimely—regards a procedural issue that has not once, but twice been addressed on the record in this case. As earlier stated, the magistrate judge deemed Dr. Cortes's opposition to CHSC's motion for summary judgment untimely and treated the summary judgment as unopposed. Immediately following the issuance of the report and recommendation, on February 6, 2009, Dr. Cortes moved to strike the magistrate judge's report and recommendation (Docket No. 65) based on his objection to the finding of untimeliness. In that motion, the plaintiff laid out the relevant procedural history and then explained that his failure to file a timely opposition was only due to his reasonable interpretation of the Court's orders and deadlines. Further, he explained that the judge's decision was "unfair to plaintiff since he relied on a Court order" which contained an easily misinterpreted deadline. On February 9, 2009, this Court denied that order, having considered the plaintiff's motion, the procedural history and the issues of both fairness to parties and judicial efficiency. Notwithstanding that order, the plaintiff followed, on the same day the order was issued, with a response in opposition to both motions for summary judgment, including the summary judgment motion already deemed unopposed by the report and recommendation. The magistrate judge then issued an order (Docket No. 71) on February 10, 2009, confirming unequivocally and once again that plaintiff was noncompliant with the deadline established, striking the opposition from the record, and ordering plaintiff to file its opposition solely to the motion for summary judgment for which opposition motions could still be deemed timely. The magistrate judge's order predicted this moment, stating that plaintiff could "file an objection to the report and recommendation entered regarding CHSC's motion for summary judgment (Docket 64) ...".

■ Clearly, the moment has arrived in which the plaintiff rehashes his contention that the magistrate judge's interpretation of deadlines was unfair. Fairness is relative. Equally a matter of fairness is the impact of missed, ignored, or even misinterpreted court deadlines on effective case management and docket movement. "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." *Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43 at 45 (1st Cir.2002). The federal rules of civil procedure grant courts broad authority to enforce case-management orders. *Id.* (Citing FED.R.CIV.P. 16(f); *Jones v. Winnepesaukee Realty,* 990 F.2d 1, 5 (1st Cir. 1993)). *See Tower Ventures, Inc.;* 296 F.3d at 46 (1st Cir.2002) ("To manage a crowded calendar efficiently and effective-

ly, a trial court must take an active role in case management. Scheduling orders are essential tools in that process—and a party's disregard of such orders robs them of their utility.").

Plaintiff's argument consists only of a recitation of the procedural history in this case and a rehashing of arguments previously heard both by the magistrate judge and by this Court. The view of the Court has not changed. While the Court sympathizes with the plaintiff that his good faith mistake led to unfavorable consequences, it also notes that a party ought never to make assumptions in the event it finds a Court order unclear. Assumptions can be perilous, as they were here. The Court upholds the prior conclusions, including that of the magistrate judge in his report and recommendation, that' plaintiff failed to file his opposition to CHSC's motion for summary judgment timely.

## II. The March 5, 2009 Report and Recommendation Regarding DOCR and Miguel Pereira's Motion for Summary Judgment

In his report and recommendation addressing the summary judgment motion brought by defendants DOCR and Mr. Pereira [7] the magistrate judge determined that no rational factfinder could conclude that the plaintiff was en employee of DOCR for the purposes of the ADA and, because that determination also precludes the plaintiff's claims against the defen-

dants under section 504 of the Rehabilitation Act, he recommended that all claims against DOCR be dismissed and that summary judgment be entered accordingly. In his objection to the report and recommendation, the plaintiff argues that the magistrate judge made three errors upon which this Court should reject the magistrate judge's conclusions and schedule this case for trial.

### A. First Alleged Error

■ Dr. Cortes alleges first that the magistrate judge "erred in his application of the relevant common law agency test to the facts of this case." (Docket No. 101 at 3) In his report and recommendation regarding DOCR, the magistrate judge applied the common law agency test discussed above [8] to determine whether Dr. Cortes was an employee or independent contractor of DOCR.

Dr. Cortes protests the report and recommendation's conclusion that he is not an employee of DOCR primarily on the basis that the magistrate judge erroneously relied on *Wojewski v. Rapid City Regional Hospital, Inc.,* 450 F.3d 338 (8th Cir.2006), in his analysis of Dr. Cortes's employment status. Dr. Cortes's objection is worryingly based on an incorrect, confused misinterpretation of the report and recommendation; the plaintiff has misunderstood the preposition for which the *Wojewski* case

---

**7.** The magistrate judge did not address any claims made in the summary judgment motion against DOCR or Mr. Pereira under Title I of the ADA or Puerto Rico law because those claims were dismissed upon this Court's adoptation of an earlier report and recommendation. (Docket No. 33; Docket No. 60) The magistrate judge also did not address relief sought under Title II of the ADA because the plaintiff alleged these claims under the liability and enforcement provisions of Title I in his original complaint. (Docket No.

1 ¶¶ 25–34) Thus the only remaining claim for the magistrate judge to consider was that against DOCR under section 504 of the Rehabilitation Act. (*See* Docket No. 95 at 4)

**8.** The magistrate judge applied the common law agency test to determine the employment relationship under Title I of the ADA both between Dr. Cortes and CHSC and between Dr. Cortes and DOCR.

stood in the magistrate judge's analysis.[9]

The magistrate judge relied on the *Wojewski* court's holding that "a physician who was an independent contractor for the purposes of Title I of the ADA was also precluded from bringing a claim under Section 504 of the Rehabilitation Act because of his independent contractor status." (Docket No. 95 at 10) Plaintiff's objection is structured around the plainly incorrect idea that the magistrate judge used the *Wojewski* case for its finding that the plaintiff physician was an independent contractor rather than an employee under the common law agency test. While the court in *Wojewski* did determine that the plaintiff was an independent contractor, the magistrate judge cited *Wojewski* for an entirely different aspect of the case related to statutory analysis—that the application of legal standards and case law of Title I of the ADA to claims brought pursuant to section 504 of the rehabilitation act.

Nowhere in the magistrate judge's analysis of Dr. Cortes's employment status according to the common law agency test did the magistrate judge cite to *Wojewski*.[10] In applying the non-exhaustive twelve-factored test to the Dr. Cortes–DOCR relationship, the magistrate judge found that, "although no one factor of the common law employee/independent contractor test is dispositive, the factors listed above seem to clearly point toward the conclusion that Cortes–Rivera was an independent contractor, rather than an employee." (Docket No. 95 at 13) The magis-

trate judge explained the following specific grounds upon which he came to the conclusion that Dr. Cortes was not an employee according to the common law agency test:

Although Cortes–Rivera did not provide his own equipment, the highly skilled nature of the skills required for the services Cortes–Rivera provided, the method of payment, tax treatment, DOCR's right to assign additional work as constrained within the terms of the First Ambulatory Services Contract, the set length of the First Ambulatory Services Contract, and the existence of other contracts to perform additional work point toward independent contractor status. It must also be noted that the contract specifically characterizes the relationship of Cortes–Rivera with DOCR as that of an independent contractor. (Docket 63–2 at 6)

*Id.* at 14.

The plaintiff's objection thus needlessly exerts considerable effort to distinguish the facts in the *Wojewski* case from those in his own to show this Court why Dr. Cortes, unlike the plaintiff in *Wojewski*, is not an independent contractor. *Wojewski* is the only case cited by the plaintiff to refute the magistrate judge's careful analysis of the record regarding the relationship between Dr. Cortes and DOCR. Other than its effort to distinguish *Wojewski*, the plaintiff merely rehashes the arguments already presented and resolved thoroughly by the magistrate. The report and recommendation provides a thorough analysis of

---

9. Equally worrying is the fact that the defendants unquestioningly accept Dr. Cortes's misinterpretation of the magistrate judge's use of *Wojewski* in their response (Docket No. 104), proceeding to explain to the Court why *Wojewski* should be interpreted in their favor. It is alarming that neither party read the magistrate judge's use of the *Wojewski* case correctly.

10. The magistrate judge relied most heavily on *Alberty–Velez v. Corporacion de P.R. Para La Difusion Publica*, 361 F.3d 1 (1st Cir.2004) and *Alexander v. Rush North Shore Medical Center*, 101 F.3d 487 (7th Cir.1996) in his common law agency test application, neither of which the plaintiff attempts to distinguish in his objection to the report and recommendation's analysis of his employment status under DOCR.

the deficiencies of plaintiff's theories with regard to this issue of employment. Because the Court finds no fault in that analysis, it now adopts by reference the Magistrate Judge's analysis and will not address this matter further. *See Castro–Rivera v. Citibank,* N.A., 195 F.Supp.2d 363, 365 (D.P.R.2002); *See Sackall v. Heckler,* 104 F.R.D. 401, 402–03 (D.R.I. 1984) ("[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [federal rules of civil procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or . . . reversal of existing law . . .'.").

Based on an independent review of the factual record and of the case law pertaining to the employment relationship required under Title I of the ADA, this Court finds no reason to disturb the thoughtful findings of the magistrate judge in his report and recommendation. The Court thus agrees that Dr. Cortes was not an employee of DOCR pursuant to Title I of the ADA. The remaining ADA claim against DOCR is hereby dismissed and summary judgment as to Dr. Cortes's ADA claim against DOCR is granted.

### B. Second Alleged Error

Dr. Cortes also objects to the magistrate judge's conclusion "that an employer/employee relationship was required to establish a cause of action under the [Rehabilitation A]ct." [11] (Docket No. 101 at 8) This is the same objection raised by plaintiff with regard to the first report and recommendation discussed above. It is also the same argument raised by plaintiff in his opposition to DOCR's motion for summary judgment. As such, it has already been considered by the magistrate judge, and once again this Court must remind the plaintiff that it is an abuse of judicial resources to raise the same arguments without some factual or legal basis to make a well-founded complaint about the magistrate judge's decision. *See Lopez v. Chater,* 8 F.Supp.2d 152, 155 (D.P.R.1998) (specifically admonishing plaintiff's counsel, because the objections "barely complie[d] with the rule's requirements to the objectionable parts of the Magistrate–Judge's report"). Nevertheless, the Court chooses to address the plaintiff's concerns regarding its assertion that section 504 of the Rehabilitation Act covers more than employment discrimination claims and, as such, plaintiff is not precluded from bringing a claim under section 504 just because he was found to be an independent contractor under Title I of the ADA.

■■■ The magistrate judge explained in both reports and recommendations that the standards under Title I of the ADA apply to employment discrimination claims brought under section 504 of the Rehabilitation Act. Although the magistrate judge found that the First Circuit Court of Appeals has not directly addressed the Rehabilitation Act's relationship to the ADA's requirements related to employment status, he cited the Eighth Circuit Court of Appeals's holding in the much-mentioned *Wojewski* case, which stated that a plain-

---

11. In this section of his objection, the plaintiff also "incorporates and adopts the discussion" related to his alleged retaliation claim(s) in his objection (Docket No. 85) to the report and recommendation regarding CHSC's mo-

tion for summary judgment. (Docket No. 64) Because the Court already addressed and dismissed plaintiff's retaliation claim above, no further discussion is required.

tiff found to be an independent contractor for purposes of Title I of the ADA "was also precluded from bringing a claim under section 504 of the Rehabilitation Act because of his independent contractor status." (Docket No. 95 at 10) (citing *Wojewski*, 450 F.3d at 344–45) Thus, the magistrate judge decided that, despite the controversy remaining about DOCR's receipt of federal funding, the key issue determining the fate of Dr. Cortes's section 504 Rehabilitation claim was whether or not Dr. Cortes was an employee under Title I of the ADA; if he was not an employee, then he is precluded from bringing his claim under section 504 of the Rehabilitation Act under the Eighth Circuit Court's ruling in *Wojewski*.

The Court agrees with the magistrate judge's interpretation of existing law on this issue. While the plaintiff correctly points out that the Rehabilitation Act provides for relief that extends beyond employment discrimination, the magistrate judge preemptively dealt with such an objection, explaining that "in the present case the complaint alleges employment discrimination claims" and "no other claims under the Rehabilitation act, aside from those of employment discrimination, appear alleged in the complaint." [12]

For the foregoing reasons, the Court reaches the same conclusions as did the magistrate judge in his report and recommendation. The claim against DOCR pursuant to section 504 of the Rehabilitation Act is hereby dismissed and summary judgment as to that claim is granted.

### C. Third Alleged Error

The plaintiff's last alleged error concerns supplemental claims. All that plaintiff says on this issue is that he "incorporates and adopts" his objection against the magistrate judge's dismissal of supplemental state claims in the first report and recommendation (Docket No. 85) to the current report and recommendation. This Court has already addressed the plaintiff's arguments regarding supplemental jurisdiction above and now incorporates and adopts that discussion here. Plaintiff's objection on this point is thus denied, and all supplemental claims under Puerto Rico law against DOCR are hereby dismissed, without prejudice.

### CONCLUSION

Because the Court has made an independent examination of the record in this case and agrees with the findings of the magistrate judge, it now **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court. Accordingly, CHSC's summary judgment motion (Docket No. 43) and DOCR's summary motion judgment (Docket No. 46) are both **GRANTED**. All federal claims against the defendants are hereby **DISMISSED, with prejudice;** all claims against the defendants under Puerto Rico law are **DISMISSED, without prejudice.**

Judgment will be entered accordingly.

**IT IS SO ORDERED.**

---

12. In fact, the only case cited by Dr. Cortes to refute the magistrate judge's analysis regards a claim brought under Title II of the ADA, which appears inapplicable to the claim here, made exclusively under Title I of the ADA. Furthermore, the case cited by plaintiff has an incorrect or incomplete case citation and, as such, need not be addressed or taken seriously by this Court. Given that the plaintiff earlier cited a case for the wrong preposition, the Court has little confidence in the plaintiff's ability to properly state the holdings of case law. The Court will not attempt to clarify the plaintiff's argument, or assist in his attempt to cite legal authority, thereby wasting judicial resources in a search for a case that the plaintiff could easily have cited properly as required.