# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1938

_____

Robert Harmon,

      Appellant,

      v.

Department of Veterans Affairs,
James R. Nicholson, Secretary of
Veterans Affairs,

      Appellees.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: October 15, 2008
Filed: December 4, 2008

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Robert Harmon appeals the district court's[1] grant of summary judgment in favor of the Department of Veterans Affairs ("Department") on Harmon's claims of

---

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

disability discrimination and retaliation under the Rehabilitation Act, 42 U.S.C. §§ 791-794.[2] We affirm.

Harmon was diagnosed with HIV/AIDS in December 1996. His disease made it impossible for him to continue in his position as a practical nurse for the Department. Through a series of accommodations, however, the Department continued to employ Harmon in various positions from 1996 to 2004. In January 2004, Harmon became a cancer registry abstractor in the Department's John L. McClellan VA Medical Center in Little Rock, Arkansas.

Harmon contends that shortly after he began working at McClellan, his supervisor, Maureen Coffey, learned of his HIV/AIDS status and his homosexuality, and she began to shun Harmon. Due to the stigma associated with his sexual preference and his HIV/AIDS status, Harmon alleges that Coffey stopped training him and pressured him to increase his work output. In June 2004, Harmon filed an Equal Employment Opportunity ("EEO") complaint regarding Coffey's conduct; however, the parties subsequently reached an agreement under which Harmon dismissed the complaint. Around this time, the Department placed Harmon on a Performance Improvement Program ("PIP") and assigned Pat Coke to be Harmon's new supervisor.

As part of his PIP, Harmon attended a cancer registry seminar on September 30, 2004. At the seminar, Harmon aggressively confronted Linda Urekman, a supervisor at the University of Arkansas for Medical Sciences Cancer Registry, about disparaging comments that Coffey and Coke allegedly made to Urekman regarding Harmon's work product. This incident prompted Urekman and Bettye Belleton, Urekman's coworker, to send complaint letters to the Department documenting the altercation. While the Department was investigating the incident, Harmon filed a

---

[2] Because Harmon did not provide any argument in his briefs regarding the validity of his sexual orientation discrimination claim, he is deemed to have waived this issue on appeal. *See Fair v. Norris*, 480 F.3d 865, 869 (8th Cir. 2007).

complaint with the Department alleging that Coffey and Coke improperly disparaged his work performance to Urekman. On December 3, 2004, the Department terminated Harmon's employment purportedly as a result of his conduct at the seminar.

Harmon filed an EEO complaint on December 6, 2004, alleging retaliation and discrimination on the basis of sexual orientation and disability. The Department denied Harmon's claims in a final agency letter on November 6, 2006, leading Harmon to file the complaint in the instant matter. After filing its answer, the Department filed a motion to dismiss or, in the alternative, for summary judgment. Because the district court considered affidavits, exhibits and other matters outside of the pleadings, it construed the Department's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

The district court granted summary judgment to the Department based on its findings that there were no genuine issues of material fact and that the Department was entitled to judgment as a matter of law on all of Harmon's claims. As to his disability discrimination claim, the district court found that (1) Harmon did not suffer an adverse employment action because there was no evidence that the Department failed to train him and (2) Harmon was not disabled under the Rehabilitation Act because he failed to raise a genuine issue of material fact as to whether his HIV/AIDS status substantially limited a major life activity or whether the Department regarded him as being disabled. As to his retaliation claim, the district court found that Harmon put forth no evidence from which a reasonable jury could conclude that the Department's proffered reason for firing Harmon—his conduct at the seminar—was pretextual.

In this appeal, Harmon argues that summary judgment on his disability discrimination claim is inappropriate because he raised genuine issues of material fact regarding whether he was disabled under the Rehabilitation Act and whether the Department failed to train him. Additionally, Harmon argues that summary judgment

on his retaliation claim is inappropriate because he raised a genuine issue of material fact regarding whether the Department's reason for his termination was a pretext for retaliation.

We review a district court's grant of summary judgment de novo, affirming where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006). Having carefully reviewed the record, the applicable legal authorities and the thorough and well-reasoned opinion of the district court, we agree with the district court that Harmon did not raise a genuine issue as to any material fact and that the Department was entitled to judgment as a matter of law. Accordingly, we affirm for the reasons set forth in the district court's opinion. *See* 8th Cir. R. 47B.

_____