# United States Court of Appeals
## For the First Circuit

No. 09-1858

ENRIQUE CORTÉS-RIVERA,

Plaintiff, Appellant,

v.

DEPARTMENT OF CORRECTIONS AND REHABILITATION OF THE COMMONWEALTH
OF PUERTO RICO; MIGUEL PEREIRA-CASTILLO, in his individual and
official capacity as Secretary of the Department of Corrections
and Rehabilitation of Puerto Rico; CORRECTIONAL HEALTH SERVICES
CORPORATION,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Thompson, Circuit Judges.

Wilma E. Reverón-Collazo, with whom Nora Vargas Acosta was on
brief, for appellant.
Néstor J. Navas-D'acosta, with whom Carmen Lucía Rodríguez
Vélez was on brief, for appellee Correctional Health services
Corporation.
Michelle Camacho-Nieves, with whom Irene S. Soroeta-Kodesh,
Leticia Casalduc-Rabell, and Zaira Z. Girón-Anadón were on brief,
for appellees Department of Corrections and Rehabilitation of the
Commonwealth of Puerto Rico and Miguel Pereira-Castillo.

November 16, 2010

**LYNCH**, **Chief Judge**.  Enrique Cortés-Rivera, a doctor, appeals from a grant of summary judgment entered by the district court on his claim that his contract to provide medical services was illegally terminated.  Cortés-Rivera worked as an independent contractor in Puerto Rico's Department of Corrections and Rehabilitation (DOCR) between 2002 and 2007.  He alleges that DOCR and its managing corporation, the Correctional Health Services Corporation (CHSC), discriminated and retaliated against him on the basis of disability in violation of Title I of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act (§ 504), and Puerto Rico state law.

The district court treated Cortés-Rivera's pleading, styled as a motion to oppose CHSC's summary judgment motion, as untimely.  The main thrust of Cortés-Rivera's case was that he was an employee of CHSC and DOCR for purposes of his Title I and § 504 claims, not an independent contractor.  In granting summary judgment for CHSC and DOCR, the district court made three holdings: (1) Cortés-Rivera was not an employee of CHSC or DOCR for purposes of the ADA, (2) Cortés-Rivera neither objected to a magistrate judge's conclusion that his non-employee status precluded his reasonable accommodation claims under § 504 nor adequately presented this issue to the district court, and (3) Cortés-Rivera had failed to raise a <u>federal</u> retaliation claim.  The district

-2-

court declined to exercise supplemental jurisdiction over Cortés-Rivera's state-law claims.  We affirm.

I.

A general practitioner, Cortés-Rivera began working for DOCR in 2002.  In a pair of service contracts entered that year, he agreed to provide emergency room and ambulatory services to the prison population at Guayama Correctional Facility.  Cortés-Rivera entered a superseding service contract on July 1, 2006.  In this contract, set to expire on June 30, 2007, Cortés-Rivera agreed to provide ambulatory services for DOCR.  In a letter dated November 15, 2006, DOCR terminated this contract early, effective January 8, 2007.  Cortés-Rivera entered a final service contract with DOCR on February 20, 2007, which expired about four months later on June 30, 2007.

During the course of these contracts, between January and March 2006, Cortés-Rivera was diagnosed with Guillain-Barre syndrome.  Guillain-Barre syndrome is a rare autoimmune disorder in which the body's immune system attacks part of the peripheral nervous system.  It leads to varying degrees of physical weakness and, in some cases, paralysis.  There is no known cure for the disorder, though therapies may lessen its severity and accelerate recovery.  Cortés-Rivera's Guillian-Barre syndrome led to complete paralysis of his left leg and foot.  The parties do not contest

that Cortés-Rivera qualifies as an individual with a disability within the meaning of federal disability laws.

Also during the course of Cortés-Rivera's contracts, DOCR entered into an agreement with another entity, CHSC, providing that CHSC would manage DOCR's Correctional Health Program. Under the agreement, CHSC assumed full supervisory authority over employees and contractors of DOCR. The contract provided that employees and contractors of DOCR would remain such until their relationship with DOCR was either terminated or modified. This contract entered force in 2005 and remained in force through the expiration of Cortés-Rivera's last service contract.

In a letter dated September 19, 2006, Cortés-Rivera requested accommodations to address difficulties he had in accessing punch clocks used to measure attendance and timeliness at the correctional facility. This request was denied in a September 27, 2006, letter from the Clinical Services Director of the Correctional Health Program. The letter stated that Cortés-Rivera was not a regular employee and thus did not have the privileges of such employees. The letter nonetheless recommended that Cortés-Rivera's supervisor consult with him about placing him in one of two particular areas of the facility that would be more accessible. Cortés-Rivera was subsequently placed in one of those areas.

In a letter dated October 23, 2006, the chief executive officer of CHSC notified the secretary of DOCR, Miguel Pereira-

Castillo, that layoffs would be necessary to address a projected budget deficit for DOCR. He requested that DOCR cancel six of its professional service contracts, including Cortés-Rivera's. The officer wrote that one of the professionals rendered services that were no longer necessary. He wrote that the remaining five professionals, including Cortés-Rivera, were selected because they had the least seniority in the institution where they rendered services. On November 15, 2006, Pereira-Castillo notified Cortés-Rivera that his contract would be terminated effective January 8, 2007. DOCR nonetheless entered a subsequent contract with Cortés-Rivera on February 20, 2007, effective until June 30, 2007.

On November 20, 2007, Cortés-Rivera filed a complaint alleging disability discrimination and retaliation. As to discrimination, Cortés-Rivera claimed that the defendants denied his request for reasonable accommodation and terminated his contract in violation of Title I of the ADA and § 504. As to retaliation, he made two claims, asserting that they were made under Puerto Rico state law. First, he asserted that the early termination of his July 31, 2006, contract was in retaliation for his accommodation request. Second, he asserted that the defendants refused to alter his February 20, 2007, contract because he filed claims concerning the prior termination with the Equal Employment Opportunity Commission (EEOC). Cortés-Rivera also alleged

discrimination and various common law claims in tort and contract under Puerto Rico state law.

Adopting the recommendations of a magistrate judge, the district court granted summary judgment to the defendants. As a preliminary matter, the district court held that Cortés-Rivera did not timely oppose CHSC's motion for summary judgment. On the merits of the joint motion for summary judgment, the district court made three holdings: (1) Cortés-Rivera was not an employee of DOCR or CHSC under Title I of the ADA, (2) Cortés-Rivera failed to object to the magistrate's conclusion that his non-employee status barred his reasonable accommodation claim under § 504 and failed to adequately contest the issue in the district court, and (3) Cortés-Rivera did not raise a federal retaliation claim. The district court declined to exercise supplemental jurisdiction over Cortés-Rivera's state claims in the absence of a valid federal claim.

## II.

On appeal, Cortés-Rivera challenges both the district court's finding that he did not timely oppose CHSC's summary judgment motion and the district court's three holdings on the merits. As to the timeliness of his opposition to summary judgment, he argues that the district court abused its discretion given the purported seriousness of its holding and the reasonableness of his reading of the deadline. As to the three claims on the merits, Cortés-Rivera argues that (1) he is an

employee of DOCR and CHSC for purposes of Title I of the ADA, (2) he may bring an employment discrimination claim under § 504 even if he does not qualify as an employee under Title I of the ADA, and (3) he raised federal retaliation claims for purposes of Fed. R. Civ. P. 8.

We first address Cortés-Rivera's claim concerning the timing of his opposition to CHSC's summary judgment motion. We then turn to his three claims on the merits of CHSC's and DOCR's joint motion for summary judgment.

A.      Timeliness of Opposition to Summary Judgment

We review a district court's finding that a party failed to timely oppose summary judgment for abuse of discretion. United States v. Saccoccia, 58 F.3d 754, 770 (1st Cir. 1995). We will only find an abuse of discretion if there is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justified request for delay." Id. (quoting Morris v. Slappy, 461 U.S. 1, 11-12 (1983)) (internal quotation marks omitted).

Only in "rare cases" have we found that a district court abused its discretion in refusing to grant an extension of time. Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531, 534 (1st Cir. 2006). We have granted relief, however, when a litigant was "reasonably surprised" by a court's deadline or "the events leading to the contested decision were unfair." Id. (collecting cases). Cortés-Rivera claims that he was "gravely surprised" by the

relevant deadline and recites this court's observation in <u>Perez-Cordero</u> that "[i]n most cases, a party's failure to oppose summary judgment is fatal to its case," <u>id.</u>

Cortés-Rivera's claim of surprise by this deadline makes little sense. He argues that the district court should have given him an extension, though he did not seek one, because it previously extended a deadline for DOCR. He also implies that he should have been awarded an extension so that he could oppose both CHSC's motion for summary judgment and DOCR's motion for summary judgment at the same time. As the district court held, "[a]ssumptions can be perilous, as they were here." <u>Cortes-Rivera</u> v. <u>Dep't of Corr. & Rehab. of the Commonwealth of Puerto Rico</u>, 617 F. Supp. 2d 7, 22 (D.P.R. 2009).

Nor is there any substantive unfairness. The claims contained in CHSC's and DOCR's motions for summary judgment are nearly identical. Cortés-Rivera does not purport to raise a material fact on this appeal relevant to CHSC's motion but not DOCR's motion. The only factual issue he argues is in dispute concerns whether Cortés-Rivera was an employee of either CHSC or DOCR; the relevant facts are essentially the same for both defendants. The district court did not abuse its discretion in finding his filing was late.

B.        Challenge to Grant of Summary Judgment

We review grants of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Foley v. Town of Randolph, 598 F.3d 1, 5 (1st Cir. 2010). We ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan, 561 F.3d at 14 (quoting Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008)) (internal quotation marks omitted).

1.        The Independent Contractor Issue

Cortés-Rivera's claim that the district court erred in concluding that he was not an employee of DOCR or CHSC for purposes of Title I of the ADA warrants little discussion. Cortés-Rivera presents no argument to support this claim beyond the bald assertion that he raised a material fact as to his employment status before the district court. Issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). We deem this issue waived.

2.        We Decline to Reach the § 504 Claim

Cortés-Rivera's second claim fails for much the same reason. He argues that employment discrimination claims under

-9-

§ 504 are not limited by the definition of employee in Title I of the ADA. To address this claim would require that we interpret a provision added to § 504 after Congress passed the ADA. That provision, 29 U.S.C. § 794(d), states that "[t]he standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the [ADA]" and various miscellaneous provisions of the ADA "as such sections relate to employment."

This court has not addressed whether 29 U.S.C. § 794(d) requires that plaintiffs alleging employment discrimination under § 504 meet the ADA's definition of employee. The four circuits that have considered this issue are split. The Sixth and Eighth circuits have held that 29 U.S.C. § 794(d) does require that plaintiffs alleging employment discrimination under § 504 meet the ADA's definition of employee. Wojewski v. Rapid City Reg'l Hosp., Inc., 450 F.3d 338, 345 (8th Cir. 2006); Hiler v. Brown, 177 F.3d 542, 544-45 & n.5 (6th Cir. 1999). The Ninth and Tenth circuits have held that 29 U.S.C. § 794(d) only requires that plaintiffs alleging employment discrimination under § 504 meet the definitions of workplace discrimination set out in the ADA. Fleming v. Yuma Reg'l Med. Ctr., 587 F.3d 938, 941-46 (9th Cir. 2009), Schrader v. Fred A. Ray M.D., P.C., 296 F.3d 968, 972-75 (10th Cir. 2002).

Noting that Cortés-Rivera failed to object to the magistrate judge's application of the Eighth Circuit's decision in Wojewski,[1] the district court declined to entertain the objection. It also admonished Cortés-Rivera for his failure to present a clear legal argument on this question of statutory interpretation. Notwithstanding this, the district court said it agreed with the Eighth Circuit's reasoning in Wojewski.

We decline to address the issue both because it was neither preserved nor adequately presented in the district court and because it is not adequately presented on appeal. Important issues of statutory interpretation require adequate briefing in all levels of the federal court system, and here we have none.

In the district court, Cortés-Rivera neither adequately objected to the magistrate judge's recommendation nor adequately briefed the issue for the district court's consideration. The magistrate judge faced a dispute over whether CHSC and DOCR were recipients of federal financial assistance and therefore subject to

---

[1] The district court made this conclusion explicit with respect to Cortés-Rivera's objection to the magistrate judge's recommendation regarding CHSC's motion for summary judgment. It was not so explicit with respect to Cortés-Rivera's objection to the magistrate judge's recommendation regarding DOCR's motion, but it held that Cortés-Rivera presented "the same objection . . . with regard to the first report and recommendation" concerning CHSC's motion for summary judgment. Cortés-Rivera's objection to the magistrate judge's report concerning DOCR's motion was slightly more developed than his objection to the report concerning CHSC's motion, but it still did not raise a specific objection to the magistrate judge's application of Wojewski.

-11-

§ 504. Rather than decide this issue, the magistrate judge stated that even if CHSC and DOCR did receive federal funds, no § 504 claim was stated under the reasoning of Wojewski. Cortés-Rivera made no specific objection to this, as the district court noted. Beyond that, in his argument before the district court, Cortés-Rivera only referenced Wojewski to argue that he was an employee, not a contractor. He made, at most, only a cursory and implicit argument that even if he was a contractor, Wojewski was wrongly decided.

This is a double default. First, Cortés-Rivera's failure to object to the magistrate's interpretation constitutes waiver. Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998). Given adequate notice, "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the district court and the court of appeals." Id. Second, Cortés-Rivera failed to adequately brief the issue to the district court. See Castillo v. Matesanz, 348 F.3d 1, 12 (1st Cir. 2003). That the district court stated that it viewed Wojewski as correct does not require that we exercise our discretion to forgive this double default. See Gonzalez v. El Dia, Inc., 304 F.3d 63, 74 n.9 (1st Cir. 2002).

Cortés-Rivera also has not adequately presented this claim on appeal, so it is triply gone. See F.T.C. v. Direct Mktg. Concepts, Inc., No. 09-2172, 2010 WL 4118643, at * 4 (1st Cir. Oct.

-12-

21, 2010). We do not even know whether this case actually would require that we resolve this issue if we had adequate briefing. Even if it did so require, Cortés-Rivera merely seeks to distinguish Wojewski on its facts and states that § 504 does not include a definition of "employee" like the ADA. The statement that § 504 does not include a definition of "employee" ignores the very question purportedly raised in this appeal: whether 29 U.S.C. § 794(d) incorporates the definition of "employee" in the ADA.[2]

### 3. Retaliation

Next, Cortés-Rivera argues that he raised a federal retaliation claim on the face of his complaint. Cortés-Rivera invokes the liberal pleading requirements set out in Fed. R. Civ. P. 8 as well as this court's decision in Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003). The plaintiff in Morales-Vallellanes alleged discrimination and retaliation but "fail[ed] to cite any statutory basis for relief." Id. at 14. The parties disputed whether he had raised a Title VII claim in addition to a claim under a collective bargaining agreement. Given "both the substance and structure" of the complaint, we held that the plaintiff had pleaded both claims under Rule 8. Id. at 15.

---

[2] Cortés-Rivera's assertion about the absence of a definition of "employee" in § 504 as originally adopted gestures toward an argument about the broader purpose of that provision and its relationship with the ADA. We decline, however, the invitation to "make [Cortés-Rivera's] argument for him." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 28 (1st Cir. 2003).

The structure and substance of the complaint in this case dictate a different conclusion. Cortés-Rivera divided his complaint into several counts. The first alleged discrimination under Title I of the ADA. The second alleged discrimination under § 504. The third, in question here, alleged acts committed "with retaliatory animus, thus in violation to [sic] the Puerto Rico Laws 115, and Law 426 of November 2000, and constitut[ing] a tort under the Civil Code of Puerto Rico 31 L.P.R.A. section 1802, and the Constitution of the Commonwealth of Puerto Rico." Three additional counts alleged various claims under Puerto Rico state law.

The plain language of Count Three states that Cortés-Rivera's retaliation claims arose under state law, not federal law. In Count Three, Cortés-Rivera only alleged violations of Puerto Rico state law. Count Three alleged retaliation resulting from Cortés-Rivera's choice to "exercise[] his right under the American[s] with Disabilities Act and the Rehabilitation Act to file a complaint before the EEOC and for joining a civil action." This language about the ADA and § 504, which also appears in similar terms in the background to the complaint, merely states a rationale for the retaliatory conduct Cortés-Rivera alleges. It does not assert a legal basis for that claim.[3]

---

[3] In Morales-Vallellanes v. Potter, 339 F.3d 9 (1st Cir. 2003) we deemed it relevant that the complaint was "replete with references to plaintiff's EEO initiatives." Id. at 15. Cortés-Rivera notes that his complaint also contains references to the EEOC process. The complaint made the above claims about the source

-14-

The structure of the complaint reinforces Count Three's plain language. Each count of the complaint clearly states the statutes under which its claims purport to arise. Aside from an overlap between two counts alleging torts under Puerto Rico state law, each count invokes a different statutory basis for the claims stated therein. The complaint divides Cortés-Rivera's discrimination claims under the ADA, § 504, and Puerto Rico state law into three separate counts. Indeed, the complaint confines its claims under the ADA to Count One and its claims under § 504 to Count Two. To interpret Count Three to include retaliation claims under the ADA, § 504, and Puerto Rico state law would disrupt the internal logic present in the remainder of the complaint.

Cortés-Rivera cannot raise a federal retaliation claim if that claim was not present in his complaint. His subsequent references to a purported federal retaliation claim do not alter this result. The "fundamental purpose of our pleadings rules is to protect a defendant's 'inalienable right to know in advance the nature of the cause of action being asserted against him.'" Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 85 (1st Cir. 2008) (quoting Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995)). Neither DOCR nor CHSC moved for summary judgment

of the alleged retaliation, as well as two assertions by way of background that Cortés-Rivera filed complaints with the EEOC for both discrimination and retaliation. For reasons outlined below, however, these statements do not outweigh the substance and structure of the remainder of the complaint.

against Cortés-Rivera's purported federal retaliation claim. The magistrate judge's opinion did not recognize the possibility that such a claim existed. Before the district court and this court, Cortés-Rivera has identified a purported federal retaliation claim to evade CHSC's and DOCR's argument that he has failed to present a valid federal claim. "Faced with a well-reasoned and convincing motion for summary judgment," he has "shifted legal theories and sought to re-characterize [his] Complaint in a way that might parry [the defendants'] blow." Id. Our pleading requirements are not designed to reward such efforts. Cortés-Rivera pled the claim as a state-law claim and the district court, having dismissed the federal claims, permissively dismissed the pendent state claims.

## III.

The judgment of the district court is affirmed.