# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1582

_____

Joshua D. Stricklin

*Plaintiff - Appellant*

v.

Dolgencorp, LLC (originally sued as Dollar General of Harrisburg, Arkansas 72432)

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: January 13, 2014
Filed: July 1, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Joshua Stricklin appeals the district court's[1] grant of summary judgment to Dolgencorp, LLC, which is the parent corporation of his employer, Dollar General

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

(collectively, "Dollar General"). In November 2009, Stricklin began working as a sales associate at a Dollar General store in Harrisburg, Arkansas. Store manager Rebecca Kirby hired Stricklin with knowledge of his hearing impairment and multiple sclerosis. Stricklin was terminated in December 2010 following a period of disability-related leave. Stricklin sued Dollar General, alleging that it discriminated against him in violation of the Americans with Disability Act (ADA). We affirm.

## I. *Background*

Dollar General stores, including the Harrisburg store, are leanly staffed—typically by just two or three employees during a given shift. Because of Dollar General's light staffing model, a sales associate must perform a number of tasks associated with store operations. The job description for a sales associate—which Stricklin acknowledges reading and understanding—includes "[f]requent walking and standing"; "[f]requent bending, stooping, and kneeling to run check-out station, stock merchandise and unload trucks"; "[f]requent and proper lifting of up to 40 pounds [and] occasional lifting of up to 55 pounds"; and "[o]ccasional climbing (using step ladder) up to heights of six feet." (Emphases omitted.)

About a year after his hiring, Stricklin's disabilities began to affect his work capacity. On November 4, 2010, Stricklin presented a physician's note to Kirby, which stated that Stricklin "should be restricted in any areas that would be considered heavy work, such as lifting, excessive standing or excessive temperatures." On November 8, 2010, Matrix Absence Management, Inc. ("Matrix")—Dollar General's third-party leave administrator—sent Stricklin a letter requesting a "Certification of Health Care Provider Form." Stricklin's physician completed the form, stating that Stricklin could return to work from November 8, 2010, to November 8, 2011, with restrictions of "no more than 24 hrs/wk with no heavy lifting, climbing, bending, or stooping." On November 12, 2010, Matrix sent Stricklin a letter stating that he had been approved for a medical leave of absence from November 6, 2010, to December 17, 2010, although Stricklin never requested medical leave. Stricklin contacted Kirby on

November 25, 2010, to inform her that he could return to work that day. According to Stricklin, Kirby told him that he could not return to work without a physician's note. Stricklin did not bring a note because, in his view, he did not need one.

Dollar General contacted Matrix on December 21, 2010, to determine Stricklin's return-to-work status; Matrix stated that Stricklin could return to work with no restrictions on November 8, 2011. Thus, Stricklin would not be medically cleared to work for almost eleven months. On December 22, 2010, Dollar General's leave administration sent Stricklin a letter informing him that his medical leave had expired and requesting that he contact leave administration within ten days to discuss his employment status. Stricklin never contacted leave administration. While the parties disagree as to precisely when and how Stricklin's employment ended, it is sufficient for our purposes that it *did* end.[2]

The district court identified two claims in Stricklin's complaint. First, Stricklin alleges that Dollar General violated the ADA by refusing to offer a reasonable accommodation for his disability. Second, he alleges that Dollar General violated the ADA by terminating him on the basis of his disability. The district court granted summary judgment to Dollar General on both claims. With respect to both claims, the court found that Stricklin could not perform the essential functions of the sales associate job and therefore was not a "qualified individual" under the ADA.

## II. *Discussion*

On appeal, Stricklin argues that the district court erroneously granted summary judgment to Dollar General on his ADA claims because "he could perform the

---

[2]Dollar General asserts that Stricklin's employment ended as a "voluntary resignation" on January 2, 2011, because Stricklin failed to respond to the December 22, 2010 letter. Stricklin asserts that he was effectively fired when he was placed on medical leave, which he never requested, in November 2010.

essential functions of his job" and therefore is a qualified individual within the meaning of the ADA.

> This court reviews de novo a grant of summary judgment. *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "For his ADA claim to survive summary judgment, [Stricklin] must show that he was qualified to perform the essential functions of his position, with or without reasonable accommodation." *Otto v. City of Victoria*, 685 F.3d 755, 758 (8th Cir. 2012) (failure-to-accommodate claim) (citing *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc)); *see also Brown v. City of Jacksonville*, 711 F.3d 883, 888 (8th Cir. 2013) (stating that a plaintiff must show that he or "she is a 'qualified individual' under the ADA" to establish a disability-discrimination claim).

Stricklin has failed to demonstrate that he is a "qualified individual" within the meaning of the ADA. While he strenuously asserts that "he could perform the essential functions of his job," Stricklin offers no *evidence* to substantiate that claim. Rather, Dollar General was presented with a physician's note barring Stricklin from "lifting, excessive standing or excessive temperatures." Shortly thereafter, Dollar General received a second physician's form that barred Stricklin from "heavy lifting, climbing, bending, or stooping" for one year. "The ADA does not require an employer to permit an employee to perform a job function that the employee's physician has forbidden." *Otto*, 685 F.3d at 758 (quotation and citation omitted). It is undisputed that

Stricklin's job required the very kind of walking, lifting, climbing, bending, and stooping that his physician forbade. As a result, Stricklin is not a "qualified individual" within the meaning of the ADA. This is fatal to both of his ADA claims. The district court did not err in granting summary judgment in favor of Dollar General.

### III. *Conclusion*

The judgment of the district court is affirmed.

_____